SMITH *v.* SANDERS. {Mar. 20, 1876.

*Writ of entry—Husband and wife—Pleading.*

Husband and wife may jointly disseize a person: therefore a writ in which husband and wife are joined as defendants, and in which a joint disseizin is alleged, was held good on general demurrer.

A part of the land was described as "lot No. 4 in said fifth range, excepting six acres and a passage-way thereto out of the same." *Held,* not sufficiently certain.

FROM BELKNAP CIRCUIT COURT.

WRIT OF ENTRY, to recover possession of certain tracts of land in Gilford. Sarah Sanders is the wife of the said George W. Sanders, and is so described in the writ.

The plaintiff claims to recover possession of the demanded premises by virtue of a mortgage executed by the said George W. Sanders and Sarah Sanders to one John P. Smith, dated March 1, 1862, and August 17, 1868, assigned to the plaintiff. The said Sarah released her dower and homestead.

The declaration is as follows: "In a plea of land wherein the said John P. Smith, Jr., demands against the said defendants certain pieces or tracts of land, with the appurtenances, situated in said Gilford, consisting of lot number three in the fifth range of forty-acre lots; lot number four in said fifth range, excepting six acres and a passage-way thereto out of the same, and a lot fenced off for a school-house, where the school-house now stands; a part of lot number five on the fifth range; all the land south of the road leading from said plaintiff's house to Alton Bay, in lot number sixteen in the thirteenth range; the southerly half of lot number two in the fourteenth range of one-hundred-acre lots, except one acre and a half, more or less, as the same is now fenced; the neck pasture, so called, containing seventy acres, more or less; and Round island, so called, in Winnepiseogee lake, in said Gilford, containing thirty acres, more or less,—excepting a shoe shop and a small house and barn on said lot number five, a small house and barn on said lot number two, and one half of a boat-house on said lot number sixteen, and the highways passing through said lands, of which the said defendants unjustly and without judgment disseized the said plaintiff within twenty years now last past. And whereupon the plaintiff says that within twenty years now last past he was seized of the tenements aforesaid with the appurtenances in fee, and was disseized thereof by the defendants as aforesaid. The defendant—Sarah Sanders—filed a general demurrer, which the court *pro forma* overruled; to which ruling the said Sarah Sanders excepted."

The description of the demanded premises in the declaration is the same as the description in the mortgage.

The questions arising upon the foregoing case were transferred to this court for determination by STANLEY, J.

*Jewell* and *Smith*, for the plaintiff.

*Hutchinson*, for the defendants.

CUSHING, C. J. In Archbold's Pleading and Evidence, page 63, it is said,—" Real actions must be brought against husband and wife, when the husband is seized in right of his wife ; or, when he is seized jointly with his wife by purchase before or after marriage ; or, where he holds in coparcenary with his wife, without partition made before marriage ; or, where the land descended to them in parcenary after marriage."

On principle, as the husband and wife must at common law be joined in actions for the independent torts of the wife, and as the husband and wife may together be guilty of torts in which the wife, as matter of fact, does not act under the control of her husband, the court cannot say, looking at this writ and declaration, that this is one of those cases where the husband and wife cannot be joined. For this reason, as the declaration sets out and the demurrer admits a joint disseizin, the court cannot see, as matter of law, that this may not be ; and the demurrer, so far as this objection goes, must be overruled.

One parcel of land is described as " lot No. 4 in said 5th range, excepting six acres and a passage-way thereto out of the same, and the lot fenced off for a school-house, where the school-house now stands." Admitting that this might be a good description in a conveyance, and that the grantee might elect and measure off his six acres at his pleasure, yet it seems clear that a writ of entry could not be maintained to recover possession of the land until it had been distinctly and definitely defined. Jackson, Real Actions 13 ; *Flagg* v. *Bean*, 25 N. H. 49. The description of this lot is insufficient, and the plaintiff must amend his declaration before he can have judgment ; and the same is true of the lot described as " part of lot No. 5 in the 5th range."

The case shows that the object of the proceeding is to foreclose a mortgage on which the wife has released her dower and homestead ; and I infer from the brief that the wife has been joined with a view to the foreclosure of her rights of dower and homestead. The wife might plead in such way as to raise the question whether she is rightly made defendant. The ordinary rule being, that a writ of entry cannot be maintained excepting against a party claiming either a fee or a freehold, the wife, if she have no claim excepting her inchoate right of dower and homestead, may undoubtedly defeat the action against herself if she desires to do so, leaving it to be settled, whenever the question properly arises, whether the foreclosure of the right of dower and homestead can be made complete during the husband's life.

LADD and SMITH, JJ., concurred.

*Demurrer overruled.*